IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLAIRE D. FISHER, Individually and as Personal Representative for the Estate of HENRY S. FISHER IV,** | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 20–cv–945 |
| vs. | ) ) | |
| **RESCO HOLDINGS L.L.C., as successor-in-interest to The Trailmobile Inc. Division of Pullman, Inc. a/k/a The Trailmobile Division of Pullman, Inc., as successor-in-interest to Pullman-Trailmobile, and as successor-in-interest to Pullman, Inc.,** | ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Claire D. Fisher, Individually and as Personal Representative for the Estate of Henry S. Fisher, IV, deceased, brings this action by and through her attorneys, Maune Raichle Hartley French & Mudd, LLC, and for her cause of action against Defendant, file this Complaint.

Long before his death from mesothelioma, Decedent Henry S. Fisher IV worked on and around trailers manufactured by Trailmobile Inc., the corporate predecessor to Defendant Resco Holdings L.L.C. Mr. Fisher inhaled asbestos-containing dust released from Trailmobile trailers, and the asbestos from that dust caused Mr. Fisher's

mesothelioma, suffering, and death. For her cause of action against Defendant, Plaintiff Claire D. Fisher (Henry Fisher's wife of almost 55 years) alleges as follows:

## SUBJECT MATTER JURISDICTION

**1.** This Court has subject matter jurisdiction over this civil case under 28 U.S.C. § 1332.

    a. The damages sought by Claire D. Fisher include pecuniary damages, damages for pain and suffering attributable to Defendant, mesothelioma-related costs and mesothelioma-derived medical bills; those damages far exceed the $75,000 jurisdictional minimum.

    b. Plaintiff Claire D. Fisher is a natural person and a citizen of the State of Maryland.

    c. Plaintiff Claire D. Fisher is also a plaintiff because of her role as the legal representative of the estate of Henry Fisher. Before his death, Decedent Henry Fisher was a Maryland citizen. For the purposes of Section 1332's diversity requirements, Plaintiff Claire D. Fisher, as special representative of the Estate of Henry Fisher, is likewise a citizen of the State of Maryland. *See* 28 U.S.C. § 1332(c)(2).

    d. Defendant Resco Holdings L.L.C. is a limited liability company formed pursuant to the law of the State of Delaware.

    e. The sole member of Resco Holdings L.L.C. is Waste Management, Inc.

    f. Waste Management, Inc., is the sole and ultimate corporate parent of Resco Holdings L.L.C., which has no members who are natural persons.

    g. Waste Management, Inc., is a Delaware corporation with its principal place of business in Houston, Texas. Accordingly, for the purposes of 28 U.S.C. § 1332, Defendant Resco Holdings L.L.C. is a citizen of the States of Delaware and Texas.

**2.** Because Plaintiff Claire Fisher (in her roles both as injured spouse and as special representative for her deceased husband's estate) is a Maryland citizen, and lone Defendant Resco Holdings L.L.C. is a citizen of both Delaware and Texas, complete diversity exists between Plaintiff and Defendant.

**3.** Because complete diversity exists and the amount-in-controversy requirement is satisfied, this Court has original jurisdiction over this civil action.

## COUNT I
## NEGLIGENCE-SURVIVAL ACTION

4. Decedent Henry S. Fisher, IV was exposed to asbestos-containing products incorporated and manufactured by and/or to asbestos-containing products manufactured by Pullman-Trailmobile and Trailmobile Inc., both of which are corporate predecessors of Defendant Resco Holdings L.L.C. Plaintiff Claire D. Fisher, the surviving spouse of Henry S. Fisher, IV, brings her cause of action pursuant to 740 ILCS 180/1-2.2, 755 ILCS 5/27-6 and 750 ILCS 65/15.

5. Henry S. Fisher, IV died from mesothelioma on February 12, 2018.

6. Defendant has, at all times material to these causes of action, through and including the present, intentionally maintained sufficient contacts with the State of Illinois and/or transacted substantial revenue-producing business in the State of Illinois to subject it to the jurisdiction of this Court pursuant to Illinois long-arm stat statute 735 ILCS 5/2-209. At all times when the Trailmobile trailers that exposed Mr. Fisher to

asbestos were designed and manufactured, Trailmobile Inc. (a Division of Pullman, Inc.), Pullman-Trailmobile, and Pullman, Inc., were headquartered in Chicago. All corporate decisions, acts, and omissions that form the basis of this case occurred in and around Chicago, Illinois. Moreover, many of the trailers that incorporated the asbestos breathed by Mr. Fisher were manufactured in Illinois.

7. Defendant is a corporation amenable to jurisdiction in the Courts of Illinois for numerous reasons, including, but not limited to:

(a) Defendant is a foreign corporation that conducted business or business ventures within Illinois, or have had offices or agencies within Illinois, which subjects them to jurisdiction within Illinois;

(b) The alleged causes of action arise out of or relate to the business or business ventures conducted by Defendant within Illinois or through which Defendant purposefully availed themselves of Illinois, invoked the benefits and protections of Illinois law, or otherwise could reasonably have foreseen that their activities would subject them to jurisdiction of the Illinois courts;

(c) Defendants' asbestos or asbestos-containing products were manufactured in Illinois, Defendant were aware that their products would be sold in and maintained in Illinois, and Defendant directly or indirectly availed themselves of the Illinois market as a market for their products;

(d) Defendant, through agents, employees, brokers, jobbers, wholesalers, or distributors, has sold, consigned, or leased tangible or intangible personal property to persons in Illinois;

(e) Defendant designed, developed, tested, manufactured, assembled, distributed, labeled, packaged, supplied, and/or

      created a marketing strategy for its asbestos products in Illinois;

(f) Defendant has committed wrongful acts and ommissions inside Illinois, causing injury to Decedent;

(g) Defendant derives substantial revenue from interstate or international commerce and should reasonably have expected its acts to have consequences in Illinois or any other state that would subject it to liability in those states;

(h) Defendant conducted substantial and not isolated activity within Illinois;

(i) Defendant's decisions to omit asbestos warnings from its products and/or include inadequate asbestos warnings on its products occurred in Illinois;

(j) Defendant purchased asbestos-containing components that were incorporated into its asbestos products in Illinois and/or purchased asbestos-containing components that were manufactured in Illinois, and/or purchased asbestos-containing components from Illinois suppliers; and

(k) Defendant registered for the right to conduct intrastate business in Illinois, conducted intrastate business in Illinois pursuant to such registration, maintained a registered agent for service of process in Illinois, and/or was served with process in this case via its Illinois registered agent.

8. Decedent Henry S. Fisher, IV's mesothelioma and any other asbestos-related health conditions from which he suffered were indivisible injuries that resulted from the combined effects of his exposures to the asbestos products of Defendant, including all of his exposures in the various states in which he may have been exposed to asbestos.

9.      Henry Fisher was born in 1941. In or around 1959, he worked as a truck mechanic at Preston Trucking in Preston, Maryland. After leaving Preston Trucking, Mr. Fisher became employed by a national trucking company, McLean Trucking. This work exposed Plaintiff to asbestos dust created by work he performed with and around Defendants' Asbestos Products. On a daily basis throughout his time with Preston Trucking and McLean Trucking, Mr. Fisher was exposed to asbestos dust created by Defendant's Asbestos Products when his co-workers performed vehicle and trailer maintenance and repairs in close proximity to the Plaintiff.

10.     In approximately 1963, after a stint in the military, Mr. Fisher returned to work with McLean Trucking and spent the remainder of his career as a vehicle mechanic and mechanic supervisor working for McLean at facilities in Richmond, Virginia (mechanic), Winston-Salem, North Carolina (mechanic), Indianapolis, Indiana (mechanic) and Richmond, Virginia (supervisor of mechanics). This work exposed Mr. Fisher to asbestos dust created by work he performed with and around Defendant's Asbestos Products. Additionally, on a daily basis throughout his career, Mr. Fisher was exposed to asbestos dust created Defendant's Asbestos Products when his co-workers performed vehicle maintenance and repairs in close proximity to the Plaintiff.

11.     Plaintiff left the employment of McLean Trucking in approximately 1978.

12.     Plaintiff does not allege or make any claims in this lawsuit for any asbestos exposure after September 30, 1985.

13.     During the course of Decedent Henry S. Fisher, IV's employment, at the location(s) and at the jobs mentioned above, Decedent Henry S. Fisher, IV breathed in, inhaled, and was otherwise exposed to asbestos fibers emanating from certain products he was working with and around and which were designed, manufactured, sold, delivered, distributed, processed, applied, specified, and/or installed by Defendant: RESCO HOLDINGS L.L.C., as successor-in-interest to The Trailmobile Division of Pullman, Inc., and/or as successor-in-interest to The Trailmobile Inc. Division of Pullman, Inc., and/or as successor-in-interest to Pullman-Trailmobile, and/or as successor-in-interest to Pullman, Inc

14.     Decedent Henry S. Fisher, IV's exposure to the materials, products, equipment, activities, and conditions attributable to Defendant occurred at different times.

15.     At all times herein set forth, Defendant's products were being employed in the manner and for the purposes for which they were intended.

16.     Decedent Henry S. Fisher, IV's inhalation of and exposure to the asbestos fibers emanating from the above-mentioned products and equipment was completely foreseeable and could or should have been anticipated by Defendant.

17.     Defendant knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of

persons inhaling or otherwise being exposed to them. Moreover, Defendant knew or should have known asbestos is a carcinogen.

18. Decedent Henry S. Fisher, IV suffered from an asbestos-related cancer, including but not limited to, mesothelioma. Henry S. Fisher, IV died from mesothelioma in 2018.

19. At all times herein relevant, Defendant had a duty to exercise reasonable care and caution for the safety of Decedent Henry S. Fisher, IV and others working with and around the asbestos-containing products of Defendant.

20. Defendant failed to exercise ordinary care and caution for the safety of Decedent Henry S. Fisher, IV in one or more of the following respects:

(a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them such as Decedent Henry S. Fisher, IV would inhale, breathe in, or otherwise be exposed to that asbestos;

(b) Included asbestos in their products when Defendant knew or should have known that said asbestos fibers would have a carcinogenic, toxic, poisonous, and/or highly deleterious effect upon the health of persons inhaling, breathing, and/or otherwise being exposed to them;

(c) Included asbestos and/or asbestos-containing components in their products when adequate substitutes were available;

(d) Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, breathing in, or otherwise being exposed to the asbestos fibers contained in them;

    (e)    Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, breathing in, or otherwise being exposed to the asbestos fibers contained in them;

    (f)    Failed to conduct tests on the asbestos-containing products designed, manufactured, sold, distributed, delivered, processed, specified, applied, supplied, and/or or installed by Defendant in order to determine the hazards to which workers such as Decedent Henry S. Fisher, IV might be exposed while working with the products; and

    (g)    Designed, manufactured, sold, distributed, delivered, processed, specified, applied, supplied, and/or installed equipment, vehicles, machinery, technologies, and systems that included asbestos-containing components and which required and/or specified the use of asbestos-containing replacement components.

21. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of Defendant mentioned above, Decedent Henry S. Fisher, IV inhaled, breathed in, or was otherwise exposed to asbestos fibers, causing Decedent Henry S. Fisher, IV to develop the asbestos cancer aforesaid, which severely disabled, disfigured, and injured him; Decedent Henry S. Fisher, IV was compelled to expend and became liable for large sums of monies for hospital, medical, and other health care services necessary for the treatment of his asbestos-induced cancer and conditions; Decedent Henry S. Fisher, IV experienced great physical pain and mental anguish as a

result of the inhalation of and exposure to said asbestos fibers; and that Henry S. Fisher, IV died in 2018.

WHEREFORE, Plaintiff prays judgment be entered against Defendant for a sum in excess of TEN MILLION DOLLARS ($10,000,000.00), which will fairly and reasonably compensate Plaintiff for Decedent Henry S. Fisher, IV's injuries and losses, and for such other and further relief that this Court deems just and appropriate.

## COUNT II
## NEGLIGENCE-WRONGFUL DEATH

Plaintiff Claire D. Fisher, Individually and as Personal Representative for the Estate of Henry S. Fisher, IV, deceased, brings this action by and through her attorneys, Maune Raichle Hartley French & Mudd, LLC, and for her cause of action against Defendant, states as follows:

22.     Plaintiff adopts and incorporates all paragraphs from all previous and subsequent Counts as though fully set forth in this Count, except to the extent any averments may be inconsistent with any alternative liability claims or relief sought in this Count or elsewhere.

23.     That as a direct and proximate result of Decedent Henry S. Fisher, IV's death: Plaintiff and Decedent's family have been deprived of Decedent's society, guidance, advice, and support; Plaintiff and Decedent's family have suffered and will continue to suffer grief, mental anguish, and emotional distress.

WHEREFORE, Plaintiff prays judgment be entered against Defendant for a sum in excess of TEN MILLION DOLLARS ($10,000,000.00), which will fairly and reasonably compensate Plaintiff and Decedent Henry S. Fisher, IV's family for the pecuniary losses they have suffered as a result of Decedent's death.

## COUNT III
## BURIAL AND FUNERAL EXPENSES

Plaintiff Claire D. Fisher, Individually and as Personal Representative for the Estate of Henry S. Fisher, IV, deceased, brings this action by and through her attorneys, Maune Raichle Hartley French & Mudd, LLC, and for her cause of action against Defendant, states as follows:

24. Plaintiff adopts and incorporates all paragraphs from all previous and subsequent Counts as though fully set forth in this Count, except to the extent any averments may be inconsistent with any alternative liability claims or relief sought in this Count or elsewhere.

25. That as a direct and proximate result of Decedent Henry S. Fisher, IV's injuries and wrongful death, his estate has incurred expenses for burial and funeral services for which Plaintiff seeks reimbursement under the rule in *Saunders v. Schultz*, 20 Ill. 2d 301 (1960).

WHEREFORE, Plaintiff prays judgment be entered against Defendant for a sum in excess of TEN MILLION DOLLARS ($10,000,000.00) which will fairly and reasonably compensate Plaintiff for the costs of burial and funeral services incurred as a result of Decedent's death.

## COUNT IV
## NEGLIGENT SPOLIATION OF EVIDENCE

Plaintiff Claire D. Fisher, Individually and as Personal Representative for the Estate of Henry S. Fisher, IV, deceased, brings this action by and through her attorneys, Maune Raichle Hartley French & Mudd, LLC, and for her cause of action against Defendant, states as follows:

26. Plaintiff adopts and incorporates all paragraphs from all previous and subsequent Counts as though fully set forth in this Count, except to the extent any averments may be inconsistent with any alternative liability claims or relief sought in this Count or elsewhere.

27. Prior to the commencement of this case, Defendant had documents and information relating to issues in this case in their respective possession, custody, and control.

28.     Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Decedent Henry S. Fisher, IV was exposed; the locations to where Defendant sold, distributed, delivered, processed, applied, supplied, and/or installed asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and Defendant' knowledge, notice, and information regarding the hazards of asbestos and whether or not they were negligent.

29.     It was foreseeable to a reasonable person/entity in the respective positions of Defendant that said documents and information constituted evidence that was material to potential civil litigation, namely asbestos litigation. Defendant had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

30.     Plaintiff has sought, but has been unable to obtain, full disclosure of relevant documents and information from Defendant, leading to the inference that Defendant destroyed and otherwise disposed of said documents and information.

31.     Defendant breached its duty to preserve material evidence by destroying and otherwise disposing of said documents and information, at a time when they knew or should have known that the same constituted material evidence in potential civil litigation.

32. As a direct and proximate result of this destruction and disposal of material evidence, Plaintiff has been impaired in proving claims against all potentially liable parties, including but not limited to Defendant, and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against Defendant, and thereby has been prejudiced.

33. As a result of this prejudice, Plaintiff has been caused to suffer harm in the form of impaired ability to recover against Defendant and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiff prays this Court to enter judgment against Defendant and to award compensatory damages in an amount to be proved at trial, but believed to exceed TEN MILLION DOLLARS ($10,000,000.00), and for such other and further relief that this Court deems just and appropriate.

## COUNT V
## WILLFUL AND WANTON MISCONDUCT- CONSOLIDATED

Plaintiff Claire D. Fisher, Individually and as Personal Representative for the Estate of Henry S. Fisher, IV, deceased, brings this action by and through her attorneys, Maune Raichle Hartley French & Mudd, LLC, and for her cause of action against Defendant, states as follows:

34. Plaintiff adopts and incorporates all previous paragraphs as though fully set forth in this Count, except to the extent any averments may be inconsistent with any alternative liability claims or relief sought in this Count or elsewhere.

35. Defendant had a duty to refrain from willful and wanton acts or omissions which would harm Decedent.

36. In light of (and in addition to) the conduct set forth in the preceding paragraphs, Defendant also engaged in said conduct intentionally or with a reckless disregard for the safety of Decedent.

37. That as a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions on the part of Defendant mentioned above, Decedent Henry S. Fisher, IV inhaled, breathed in, or otherwise exposed to great amounts of asbestos fibers causing him to develop the asbestos disease aforesaid, which disabled and disfigured him; Decedent Henry S. Fisher, IV was compelled to expend and became liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; Decedent Henry S. Fisher, IV experienced great physical pain and mental anguish as a result of the inhalation of and exposure to said asbestos fibers; and Decedent Henry S. Fisher, IV died in 2018. Moreover, as a direct and proximate result of Decedent's death, Plaintiff and Decedent's family have been deprived of Decedent's society, guidance, advice, and support; Plaintiff

and Decedent's family have suffered and will continue to suffer grief, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendant and that she be awarded damages in an amount in excess of TEN MILLION DOLLARS ($10,000,000.00), which will fairly and reasonably compensate Plaintiff for Decedent Henry S. Fisher, IV's injuries and losses, as well as compensate Plaintiff and Decedent's family for the pecuniary losses they have suffered as a result of Decedent's death.

                                                          **MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC**

                                                          */s/ Nate Mudd*
Nate Mudd - #6243538
nmudd@mrhfmlaw.com

s/ *John L. Steffan IV*
John Steffan #6326053
1015 Locust Street, Suite 1200
St. Louis, MO 63101
Telephone:   (314) 241-2003
Fax:         (314) 241-4838
jsteffan@mrhfmlaw.com
*Attorneys for Plaintiff*